# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-503-DCK

| | |
|---|---|
| AMY PHARR ELAM, ELIZABETH F. BAILEY, and REID T. DEMARUS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER**<br>) |
| WILLIAM DOUGLAS MANAGEMENT, INC. and CHARLOTTE HOUSE ASSOCIATION OF UNIT OWNERS, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "William Douglas Management, Inc.'s Motion To Dismiss, To Stay Discovery, And For Attorneys' Fees" (Document No. 8); "Defendant Charlotte House Association of Unit Owners, Inc.'s Motion To Dismiss And Motion For Attorneys' Fees" (Document No. 14); Plaintiffs' "Motion For Voluntary Dismissal Of Plaintiffs' First Cause Of Action" (Document No. 17); and "William Douglas Management, Inc.'s Motion For Sanctions" (Document No. 24). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are now ripe for disposition. Having carefully considered the motions, the record, and, applicable authority, the undersigned will <u>deny</u> the motions.

## BACKGROUND

Plaintiffs Amy Pharr Elam ("Elam"), Elizabeth F. Bailey ("Bailey"), and Reid T. DeRamus ("DeRamus") (collectively, "Plaintiffs") filed a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina initiating this action on or about August 8, 2013. Plaintiffs' Complaint asserts claims for violation of: (1) the Unfair and

Deceptive Trade Practices Act, N.C.Gen.Stat. § 75-1.1; (2) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p; (3) the Consumer Economic Protection Act, Chapter 58, Article 70; (4) the North Carolina Debt Collection Act, N.C.Gen.Stat. § 75-50, *et seq.*; and for (5) injunctive relief. (Document No. 1-1). These claims are brought against Defendants William Douglas Management, Inc. ("Douglas"), and Charlotte House Association Of Unit Owners, Inc. ("Charlotte House"), and are based upon the allegedly improper billing practices and/or assessment of late fees and attorneys' fees by Defendants.

Defendants filed a "Notice Of Removal" (Document No. 1) with this Court on September 6, 2013. The "Notice Of Removal" contends that this Court "has original jurisdiction pursuant to 28 U.S.C § 1331 in that Plaintiffs' Complaint presents a federal question," and that pursuant to 28 U.S.C. § 1367(a), "this Court has supplemental jurisdiction over Plaintiffs' additional state law claims because they arise out of the same nucleus of operative facts as the jurisdictionally sufficient federal claims." (Document No. 1, p.2).

"William Douglas Management, Inc.'s Motion To Dismiss, To Stay Discovery, And For Attorneys' Fees" (Document No. 8) and "Defendant Charlotte House Association of Unit Owners, Inc.'s Motion To Dismiss And Motion For Attorneys' Fees" (Document No. 14) were filed on October 14, 2013, and October 24, 2013, respectively. Plaintiffs filed their "Motion For Voluntary Dismissal Of Plaintiff's First Cause Of Action" (Document No. 17) on October 28, 2013. On November 14, 2013, "William Douglas Management, Inc.'s Motion For Sanctions" (Document No. 24) was filed. The pending motions have been fully briefed and are ripe for review and disposition.

## DISCUSSION

As an initial matter, the Court notes that Plaintiff's motion for voluntary dismissal was filed within fourteen (14) days of the first motion to dismiss, and within four (4) days of the second motion to dismiss. (Document No. 17). By that motion, Plaintiffs seek to dismiss their first claim for Unfair and Deceptive Trade Practices, <u>and</u> appear willing to dismiss their second claim for relief under the Fair Debt Collection Practices Act. (Document Nos. 17, 18); <u>see also</u> (Document No. 18-1) (Plaintiffs "hereby Voluntarily Dismiss, Without Prejudice, their First Claim For Relief and their Second Claim for Relief") and (Document No. 21-1) ("my client has decided to dismiss the Second Cause of Action regarding Federal Fair Debt Collection Practices Act"). However, Defendants insist that any dismissal must be with prejudice, while Plaintiffs seek to dismiss without prejudice. (Document Nos. 17, 18, 23, 27).

Defendants both contend that Rule 41 is the mechanism for dismissing an action, not a claim within an action. (Document Nos. 23, 27). In responding to the motion for voluntary dismissal, Defendant Charlotte House also asserts that "Rule 15 is the appropriate mechanism where a plaintiff desires to dismiss a single claim against several defendants, but does not seek to dismiss all claims as to any defendants." (Document No. 27, p.2) (citing <u>Ethridge v. Harbor House Restaurant</u>, 861 F. 2d 1389 (9th Cir. 1988); and <u>Smith, Kline & French Laboratories v. A. H. Robins Co.</u>, 61 F.R.D. 24 (E.D. Pa. 1973)).

After careful review of the parties' motions and the record, it is unclear why Plaintiffs did not seek to amend their state court Complaint, particularly where they could have done so as a matter of course under Rule 15. Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a

3

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

Under the circumstances, it appears there is no dispute that Plaintiffs' first claim should be dismissed, and there may be agreement that the second claim should be dismissed as well. Moreover, it appears that Plaintiffs' fifth claim, for injunctive relief, has been mooted by subsequent events in the Superior Court of Mecklenburg County. See (Document No. 24, pp.4-5; Document No. 25, p.29). Pursuant to the Court's discretion in this matter, and in the interests of justice and judicial economy, the undersigned finds that Plaintiffs should file an Amended Complaint. The undersigned expects that an Amended Complaint will narrow the issues in this matter by removing at least two or three claims, and may further clarify whether jurisdiction in this Court is appropriate.

Because the undersigned will order Plaintiffs to file an Amended Complaint which will supersede the original Complaint, the undersigned will deny Defendants' motions to dismiss (Document Nos. 8 and 14). See Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007). This Order will be without prejudice to Defendants filing renewed motions to dismiss the Amended Complaint, if appropriate.

In addition, the undersigned will deny Defendant Douglas' "…Motion For Sanctions." To the extent Douglas' motion primarily seeks "the reasonable costs and expenses incurred in defending this suit, including attorney's fees," it seems to be unnecessarily duplicative of Douglas' original motion seeking "all costs of having to participate in this lawsuit, including its reasonable attorneys' fees." (Document No. 24, p.1; Document No. 9, p.12).

The undersigned regrets that other duties have prevented the Court from reaching these motions sooner; however, the parties also bear some responsibility for failing to timely resolve, or at least narrow, the issues in this lawsuit without Court intervention. The parties are encouraged to immediately discuss settlement. If settlement attempts are unsuccessful, the Court will endeavor to move this lawsuit along with greater speed following the filing of an Amended Complaint.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "William Douglas Management, Inc.'s Motion To Dismiss, To Stay Discovery, And For Attorneys' Fees" (Document No. 8) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Defendant Charlotte House Association of Unit Owners, Inc.'s Motion To Dismiss And Motion For Attorneys' Fees" (Document No. 14) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion For Voluntary Dismissal Of Plaintiffs' First Cause Of Action" (Document No. 17) is **DENIED**. However, Plaintiff shall file an Amended Complaint on or before **March 17, 2014**.

**IT IS FURTHER ORDERED** that "William Douglas Management, Inc.'s Motion For Sanctions" (Document No. 24) is **DENIED**.

**SO ORDERED**.

Signed: March 5, 2014

David C. Keesler
United States Magistrate Judge