# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-503-DCK

| | |
|---|---|
| AMY PHARR ELAM, ELIZABETH F. BAILEY, and REID T. DEMARUS, </br></br>Plaintiffs,</br></br>v.</br></br>WILLIAM DOUGLAS MANAGEMENT, INC. and CHARLOTTE HOUSE ASSOCIATION OF UNIT OWNERS, INC.,</br></br>Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the status of this case and the Court's jurisdiction. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the record and applicable authority, the undersigned will order that this case be <u>remanded</u> to the Superior Court of Mecklenburg County, North Carolina.

## BACKGROUND

Plaintiffs Amy Pharr Elam ("Elam"), Elizabeth F. Bailey ("Bailey"), and Reid T. DeRamus ("DeRamus") (collectively, "Plaintiffs") filed a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina (Case No. 13-CVS-14231) initiating this action on or about August 8, 2013. Plaintiffs' Complaint asserted claims for violation of: (1) the Unfair and Deceptive Trade Practices Act, N.C.Gen.Stat. § 75-1.1; (2) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p; (3) the Consumer Economic Protection Act, Chapter 58, Article 70; (4) the North Carolina Debt Collection Act, N.C.Gen.Stat. § 75-50, *et seq.*; and for (5) injunctive relief. (Document No. 1-1). These claims are brought against

Defendants William Douglas Management, Inc. ("Douglas"), and Charlotte House Association Of Unit Owners, Inc. ("Charlotte House"), and are based upon the allegedly improper billing practices and/or assessment of late fees and attorney's fees by Defendants.

Defendants filed a "Notice Of Removal" (Document No. 1) with this Court on September 6, 2013. The "Notice Of Removal" contends that this Court "has original jurisdiction pursuant to 28 U.S.C § 1331 in that Plaintiffs' Complaint presents a federal question," and that pursuant to 28 U.S.C. § 1367(a), "this Court has supplemental jurisdiction over Plaintiffs' additional state law claims because they arise out of the same nucleus of operative facts as the jurisdictionally sufficient federal claims." (Document No. 1, p.2).

On March 6, 2014, the undersigned issued an "Order" (Document No. 32) denying without prejudice "William Douglas Management, Inc.'s Motion To Dismiss, To Stay Discovery, And For Attorneys' Fees" (Document No. 8) and "Defendant Charlotte House Association of Unit Owners, Inc.'s Motion To Dismiss And Motion For Attorneys' Fees" (Document No. 14); and denying Plaintiffs' "Motion For Voluntary Dismissal Of Plaintiffs' First Cause Of Action" (Document No. 17) and "William Douglas Management, Inc.'s Motion For Sanctions" (Document No. 24). In addition, the Court directed Plaintiff to file an Amended Complaint on or before March 17, 2014. (Document No. 32, p.5). The undersigned specifically stated:

> Pursuant to the Court's discretion in this matter, and in the interests of justice and judicial economy, the undersigned finds that Plaintiffs should file an Amended Complaint. The undersigned expects that an Amended Complaint will narrow the issues in this matter by removing at least two or three claims, **and may further clarify whether jurisdiction in this Court is appropriate**.

(Document No. 32, p.4) (emphasis added).

Plaintiffs timely filed an "Amended Complaint" (Document No. 33) on March 12, 2014. As expected, the Amended Complaint narrowed the claims from five (5) to two (2). See (Document Nos. 1-1 and 33). The Amended Complaint asserts claims pursuant to two North Carolina statutes: (1) "Violation of the Consumer Economic Protection Act, Chapter 58, Article 70, N.C.G.S."; and (2) "Violation of the North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.*" (Document No. 33, pp.10-12). Plaintiffs also assert that they are bringing this action "as a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure." (Document No. 33, p.9).

The Amended Complaint does not assert any basis for this Court's jurisdiction over this matter, nor does it appear that a federal question or complete diversity of the parties is applicable to the Amended Complaint. (Document No. 33). "Defendant Charlotte House Association Of Unit Owners, Inc.'s Motion To Dismiss, Answer To Plaintiffs' Amended Complaint And Affirmative Defenses" (Document No. 36) was filed on March 26, 2014. On April 9, 2014 "William Douglas Management, Inc.'s Motion To Dismiss, Answer And Affirmative Defenses To Plaintiffs' Amended Complaint" (Document No. 37) was filed with the Court. Neither of Defendants' Answers to the Amended Complaint address the Court's jurisdiction. (Document No. 37).

Under the circumstances of this case, the undersigned finds that the Court must *sua sponte* consider whether jurisdiction in this Court is appropriate. As noted above, Defendants removed this action to this Court on the basis of the original Complaint (Document No. 1-1) presenting a federal question; however, the Amended Complaint (Document No. 33) appears to have withdrawn any federal question. (Document No. 1).

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited, in fact, that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished"). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Chesapeake Ranch Water Co. v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having decided the federal claim, district court declined supplemental jurisdiction over remaining state law claims). See also Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005); Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994). Moreover, "a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) (quoting Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001)).

Based on the foregoing, the undersigned finds that the Court lacks jurisdiction over this matter and will decline to exercise supplemental jurisdiction over the two (2) remaining state law claims.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that this matter be **REMANDED** to the Superior Court of Mecklenburg County, North Carolina.

Signed: April 11, 2014

David C. Keesler
United States Magistrate Judge